UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER B. HARGRAVE,

            **Plaintiff,**

            v.

WASHINGTON POST,

            **Defendant.**

Civil Action 09-0357 (HHK)

## MEMORANDUM OPINION

In this civil action brought *pro se*, plaintiff sues The Washington Post for "libel and slander" stemming from a newspaper article published on April 27, 2006, about his criminal trial.[1] Compl. at 1. Presently before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having considered the parties' submissions and the entire record, the Court will grant defendant's motion to dismiss based on the fair report privilege.

Plaintiff was convicted by a Prince George's County, Maryland, jury and is serving a life sentence for a crime that received nationwide attention--setting his ex-wife Yvette Cade on fire. *See* Compl. at 2-3. Plaintiff takes issue with defendant's publishing of Cade's

---

[1] Because slander arises from oral expression, the Court considers the claim based on written expression to be one for libel. *See* Black's Law Dictionary (8th Ed. 2004), libel ("Libel is written or visual defamation; slander is oral or aural defamation.") (quoting Robert D. Sack & Sandra S. Baron, Libel, Slander, and Related Problems § 2.3, at 67 (2d ed. 1994)).

testimony at his criminal trial that "Hargrave 'said he wanted to fry me like Crisco grease.'" Def.'s Mot., Ex. 1 at 2.[2]

Defendant initially sought dismissal on the sole basis that the complaint is barred by the District of Columbia's statute of limitations but subsequently recognized that tolling may apply if plaintiff has remained incarcerated since the alleged harm; it then raised the fair report privilege as an alternative basis for dismissal. *See* Reply in Support of Defendant Washington Post's Motion to Dismiss at 1-2 & n.1. As a general rule, "the issue of privilege antecedes the question whether a communication is capable of defamatory meaning." *White v. Fraternal Order of Police*, 909 F.2d 512, 527 (D.C. Cir. 1990). "The fair and accurate reporting privilege is a recognized exception to the common law rule that the republisher of a defamation is deemed to have adopted the underlying defamatory statements as its own." *Id*. (citation omitted). The privilege extends to reports of court proceedings. *Shipkovitz v. The Washington Post Co.*, 571 F. Supp.2d 178, 183 (D.D.C. 2008) (citing cases). Because the underlying purpose of the privilege is to "encourag[e] the dissemination of fair and accurate reports," the privilege does not extend to reports that are so "garbled or fragmentary [that] a false imputaton is made about the plaintiff . . . or [that] are otherwise unfair or inaccurate." *Dameron v. Washington Magazine, Inc.*, 779 F.2d 736, 739 (D.C. Cir. 1985) (citation and internal quotation marks omitted).

---

[2] Although plaintiff alleges that defendant "printed several misleading articles," Compl. at 1, he has not identified the other articles and therefore has failed to provide defendant with adequate notice of a claim based on such articles. *See* Fed. R. Civ. P. 8.; *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ("purpose of [Rule 8] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense").

Plaintiff has not questioned the accuracy of defendant's reporting of the court proceeding. Rather, he asserts that had defendant "carefully sought what was available to them, they would have discovered that [Cade's] testimony was in fact false and misleading." Compl. at 1. This argument neither advances the libel claim nor defeats the privilege.

For the foregoing reasons, the Court finds that the newspaper article is protected by the fair report privilege and, thus, grants defendant's motion to dismiss. A separate Order accompanies this Memorandum Opinion.

                                                   _____s/s_____
                                                   Henry H. Kennedy, Jr.
Date: May 12, 2009                       United States District Judge